UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHRISTOPHER CREMEANS,

                                 Plaintiff,                5:20-cv-535 (BKS/TWD)

v.

PO DANIEL MILLER, PO PATRICK BENNETT, and PO
BRIAN MAHAR,[1]

                                 Defendants.

_____

**Appearances:**

*Plaintiff pro se:*
Christopher Cremeans
Kirkville, NY 13082

*For Defendants:*
Letitia James
Attorney General of the State of New York
Stacey A. Hamilton
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       Plaintiff pro se Christopher Cremeans brought this action against Parole Officers Daniel

Miller, Patrick Bennett, and Brian Maher under 42 U.S.C. § 1983, alleging First and Fourteenth

Amendment claims arising from his post-release supervision by the New York State Department

of Corrections and Community Supervision ("DOCCS"). (Dkt. No. 1). On September 8, 2021,

---

[1] It appears that the correct name of this Defendant is Maher. (*See, e.g.*, Dkt. No. 38-11). The Clerk is respectfully directed to amend the caption to reflect the correct spelling of Mr. Maher's last name.

Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56 seeking dismissal of Plaintiff's complaint. (Dkt. No. 38). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on August 24, 2022, issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 45). Plaintiff filed a timely objection to the Report-Recommendation, and Defendants responded. (Dkt. Nos. 46, 50).[2] For the following reasons, the Report-Recommendation is adopted.

## II.   STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

---

[2] Although Defendants' response to Plaintiff's objections asserts that they "should be awarded summary judgment" on Plaintiff's claim challenging the special condition restricting his access to the internet and that Plaintiff's complaint should be dismissed with prejudice, (Dkt. No. 50, ¶¶ 11, 14–15), Defendants failed to file a timely objection to the Report-Recommendation. The Court therefore limits its analysis to Plaintiff's objections.

### III. DISCUSSION

#### A. The Report-Recommendation

Magistrate Judge Dancks recommended that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 45). Magistrate Judge Dancks first recommended that all of Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment. (*Id.* at 9–11).

Second, the Report-Recommendation rejected Defendants' argument that Plaintiff waived any challenge to the special conditions of his parole in New York by signing a transfer application requesting a transfer from New Hampshire to New York, finding that Plaintiff did not voluntarily and knowingly consent to the "imposition of the alleged unconstitutional conditions." (*Id.* at 12). Magistrate Judge Dancks also recommended granting Defendants' motion for summary judgment on Plaintiff's Fourteenth Amendment Due Process claim (Count IV), finding that Plaintiff "general objections/challenges" to the special conditions of release were "conclusory" and failed to demonstrate a "material dispute of fact that would necessitate a trial." (*Id.* at 12–15).

With regard to Plaintiff's more specific challenges to the special conditions, Magistrate Judge Dancks recommended: (1) granting Defendants' motion for summary judgment as to Plaintiff's First Amendment challenge to the special condition prohibiting him from entering parks, and (2) denying Defendants' motion for summary judgment as to Plaintiff's First Amendment challenge to the special conditions prohibiting him from attending church and restricting his access to internet. (*Id.* at 16–22). The Report-Recommendation further recommended that Defendants' motion for summary judgment on Plaintiff's First Amendment challenge to the condition restricting his contact with AM and BM be granted. (*Id.* at 23–26). Magistrate Judge Dancks determined that Plaintiff has no "constitutionally protected interest in

3

his relationship with BM or AM," that the special condition prohibiting contact is not "arbitrary or capricious," and that the Full Faith and Credit Clause does not require a state to impose the same conditions of release as were imposed in the state of conviction. (*Id.*).

Finally, Magistrate Judge Dancks recommended denying Defendants' motion for summary judgment and dismissal on qualified immunity grounds. (*Id.* at 27–29).

### B.  Plaintiff's Objections

Plaintiff objects to Magistrate Judge Dancks's recommendation that Defendants' motion for summary judgment be granted as to Counts II, III, and IV. (Dkt. No. 46). The Court considers each objection in turn.

#### 1.  First Amendment Right to Familial Association (Count II)[3]

Plaintiff's second cause of action alleges that Defendants have violated his First Amendment right of familial association by imposing a special condition which denies him contact with BM and AM. (Dkt. No. 1, at 7). Plaintiff objects to Magistrate Judge Dancks's recommendation that Defendants' motion for summary judgment be granted as to this cause of action, arguing that the fact he is not related by blood to BM and AM is not dispositive because he "was fulfilling the role of BM's father" prior to his incarceration. (Dkt. No. 46, at 1–2).

The Court agrees with the Report-Recommendation's determination that Plaintiff has not raised a material issue of fact indicating that he has a constitutionally protected interest in his relationship with BM or AM. (Dkt. No. 45, at 23–24). "It is well-established that a parent's interest in maintaining a relationship with his or her child is protected by the Due Process Clause

---

[3] The Court has not considered whether this claim is properly analyzed as a First Amendment intimate association claim or a Fourteenth Amendment substantive due process claim. *See, e.g.*, *Doe v. Lima*, 270 F. Supp. 3d 684, 701 (S.D.N.Y. 2017) (noting that the analysis for "intimate association and . . . substantive due process" claims is "coextensive" (citations omitted)); *Adler v. Pataki*, 185 F.3d 35, 42 (2d Cir. 1999) ("The source of the intimate association right has not been authoritatively determined.").

4

of the Fourteenth Amendment." *United States v. Myers*, 426 F.3d 117, 125 (2d Cir. 2005) (citations omitted). Here, however, it is undisputed that Plaintiff has no blood or adoptive relationship with BM or AM. (*See* Dkt. No. 38-2, ¶ 6; Dkt. No. 41, ¶ 6). Even to the extent Due Process protections have been extended to "a non-custodial parent who has 'demonstrated a commitment to the responsibilities of parenthood'" or "quasi-parental custodial relationships beyond the nuclear family," *see Yunus v. Robinson*, No. 17-cv-5839, 2018 WL 3455408, at *34, 2018 U.S. Dist. LEXIS 110392, at *92–93 (S.D.N.Y. June 29, 2018) (collecting cases), *report-recommendation adopted by* 2019 WL 168544, 2019 U.S. Dist. LEXIS 5654 (S.D.N.Y. Jan. 11, 2019), Plaintiff has not put forth any evidence that his relationship with BM is "quasi-parental" or "custodial." Plaintiff has not pointed to any evidence supporting his assertion, in his objection, that he "was fulfilling the role of BM's father . . . up until his incarceration in 2004." (Dkt. No. 46, at 1). Plaintiff testified that he physically separated from BM's mother in July 1997, when she moved out. (Dkt. No. 38-4, at 19). Nor has Plaintiff pointed to any evidence that he has such a relationship with AM, BM's son.

Accordingly, the Court finds that there is not evidence from which a reasonable factfinder could conclude that the special condition prohibiting Plaintiff from having contact with BM—one of his victims—and AM implicates a fundamental liberty interest.

### 2. Full Faith and Credit (Count III)

Plaintiff objects to Magistrate Judge Dancks's recommendation that Defendants' motion for summary judgment as to Plaintiff's third cause of action alleging a violation of "due process under the Full Faith and Credit Clause of the Fourteenth Amendment" be granted. (Dkt. No. 46, at 2–3). Plaintiff argues that the Report-Recommendation "incorrectly" relied on *Spiteri v. Russo*, No. 12-cv-2780, 2013 WL 4806960, 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. Sept. 7,

2013), which involved a "state statute" rather than "a judicial decision or official proceeding from another state." (Dkt. No. 46, at 2–3).

Having reviewed Plaintiff's objection de novo, the Court concludes that summary judgment is warranted as to Plaintiff's third cause of action alleging a violation of the Full Faith and Credit Clause. Plaintiff's argument that the special condition restricting contact with BM and AM differs from conditions imposed on him by the New Hampshire sentencing court and parole board was raised in his opposition to Defendants' motion for summary judgment and considered by Magistrate Judge Dancks. (*See* Dkt. No. 40, at 4–5; Dkt. No. 45, at 25–26). Plaintiff has not provided any authority to support the idea that those conditions set by the New Hampshire sentencing court and parole board had preclusive effect. Moreover, Plaintiff signed an application to transfer his parole supervision from New Hampshire to New York on July 19, 2019. (Dkt. No. 50-1, at 1). The application provided that Plaintiff "underst[ood] that [his] supervision in another state may be different than the supervision [he] would be subject to" in New Hampshire, and that "the receiving state will determine the manner in which [he] will be supervised." (*Id.*). Plaintiff acknowledged the stated conditions and "freely and knowingly waive[d] any challenge to these requirements of transfer, including the conditions of supervision in the state to which [he] request[ed] transfer." (*Id.*). While Magistrate Judge Dancks determined that Plaintiff did not knowingly and voluntarily consent to the imposition of *unconstitutional* special conditions, (*see* Dkt. No. 45, at 12), as discussed above, the special condition prohibiting Plaintiff from having contact with BM and AM does not violate his constitutional rights. Plaintiff therefore consented to the imposition of this constitutional condition even though it differs from conditions imposed by the New Hampshire sentencing court and parole board.

6

Finally, *Spiteri*, which Plaintiff correctly points out involves state statutes, is nonetheless instructive. There, the court noted that "[e]very court to squarely address the issue of whether the Full Faith and Credit Clause requires a state to give a convicted sex offender who relocates to that state the same classification that he would have had in the state of conviction has agreed that it does not." *Spiteri*, 2013 WL 4806960, at *39, 2013 U.S. Dist. LEXIS 128379, at *151–53 (collecting cases). The "rationale used by most of these courts" is that "the exercise of the police power of each state over its citizens gives states the power to independently determine sex registration for sex offenders located in its borders." *Id.*, 2013 WL 4806960, at *39, 2013 U.S. Dist. LEXIS 128379, at *153–54; *see, e.g.*, *McGuire v. City of Montgomery*, No. 11-cv-1027, 2013 WL 1336882, at *12, 2013 U.S. Dist. LEXIS 45157, at *38 (M.D. Ala. Mar. 29, 2013) (holding that the plaintiff failed to state a Full Faith and Credit claim because the Colorado court judgment was "silent on registration" and therefore did "not preclude Alabama from requiring Plaintiff to register"). This rationale also suggests that a state may exercise its police power over sex offenders located within its borders to independently determine which special conditions on conditional release are warranted. (*See* Dkt. No. 45, at 26 (noting that the New York Board of Parole is "entitled to impose conditions on the conditional release of an inmate" (citations omitted))).

Accordingly, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's third cause of action alleging a violation of the Full Faith and Credit Clause.

### 3. Fourteenth Amendment Due Process (Count IV)

Finally, Plaintiff objects to the recommendation that his cause of action alleging denial of Due Process in violation of the Fourteenth Amendment be dismissed because the Report-Recommendation determined that the special condition restricting his access to the internet was not "reasonably related" to Plaintiff's conduct. (Dkt. No. 46, at 3; *see* Dkt. No. 45, at 21–22

7

(finding issues of material fact as to whether the special condition restricting Plaintiff's internet use is "arbitrary and capricious" and noting that "the record is devoid of any evidence establishing that the internet factored into any of Plaintiff's crimes or criminal history")).

Magistrate Judge Dancks recommended that Plaintiff's claim challenging the special condition restricting his access to the internet survive Defendants' motion for summary judgment. Parolees "may be subject to restrictions not applicable to other citizens," even restrictions which abridge fundamental constitutional rights. *Trisvan v. Annucci*, 284 F. Supp. 3d 288, 296 (E.D.N.Y. 2018) (internal quotation marks and citation omitted). Generally, special conditions of release must be "reasonably related" to certain factors and involve "no greater deprivation of liberty than is reasonably necessary" to implement the "statutory purposes of sentencing." *Myers*, 426 F.3d at 123–24 (citations omitted). Special conditions which implicate constitutionally protected interests, however, must be "narrowly tailored to serve a compelling government interest." *Id.* at 126. Here, because the special condition restricting Plaintiff's access to the internet implicates his First Amendment rights, it is subject to this more exacting inquiry. As stated in the Report-Recommendation, there is a genuine issue of material fact regarding whether this condition is "'narrowly tailored' so as not to burden Plaintiff's First Amendment rights more than necessary." (Dkt. No. 45, at 22). Thus, Plaintiff's claim challenging the internet special condition—whether conceptualized as a First or Fourteenth Amendment claim—may proceed. *See Scott v. Rosenberger*, No. 19-cv-1769, 2020 WL 4274226, at \*9, 2020 U.S. Dist. LEXIS 131424, at \*26–28 (S.D.N.Y. July 24, 2020) (allowing "claim" challenging special condition governing computer and internet access to proceed where the plaintiff had plausibly

alleged the condition was not "reasonably related to his past conduct" and therefore "by definition" had "also alleged that the condition would not survive a more searching inquiry").[4]

However, to the extent Plaintiff asserts that a generalized Fourteenth Amendment claim should survive, independent of the challenges he has raised to specific special conditions, the Court disagrees. For the reasons stated in the Report-Recommendation, any claim alleging generally that his Due Process rights have been violated by virtue of unspecified special conditions involving a greater deprivation of liberty than is reasonably necessary is dismissed. (*See* Dkt. No. 45, at 15).

## IV.   CONCLUSION

The Court concurs in Magistrate Judge Dancks's recommendation that Defendants' briefing fails to establish a basis for dismissal based on qualified immunity. Having reviewed the remainder of the Report-Recommendation for clear error and found none, the Court adopts it for the reasons stated therein.

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 45) is **ADOPTED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 38) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's claims for monetary damages against Defendants in their official capacities are **DISMISSED without prejudice**; and it is further

---

[4] The parties have not addressed whether Plaintiff's claim challenging the internet special condition should be analyzed as a First Amendment claim or a Fourteenth Amendment claim. *See id.*

9

**ORDERED** that Plaintiff's First Amendment claim insofar as it relates to the special condition of parole restricting access to parks, First Amendment familial association claim, Full Faith and Credit claim, and general Fourteenth Amendment Due Process claim are **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendants' motion for summary judgment is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 30, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge